IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Ernest A. Larch, | ) | C.A. No. 8:04-1962-CMC-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| George Gintoli; Russell Hughes; | ) | |
| Brenda Young-Rice, in their Personal | ) | |
| Capacities; and South Carolina Department | ) | |
| of Mental Health, for injunctive relief, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on Plaintiff's *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1985.  Plaintiff is currently in the custody of the South Carolina Department of Mental Health under the provisions of the South Carolina Sexually Violent Predator Act (SVP).  Plaintiff asserts Defendants' alleged failure to provide him access to a law library and other alleged shortcomings violate his constitutional right of access to the courts.

In accordance with the court's order of reference, 28 U.S.C. § 636(b), and Local Rule 73.02 (B)(2)(b) and (e), DSC, this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pre-trial proceedings and a Report and Recommendation.  On March 24, 2005, the Magistrate Judge issued a Report recommending Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted as Plaintiff had failed to state a cause of action under 42 U.S.C. §1985. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so.  Plaintiff filed objections to the Report and Recommendation on April 12, 2005.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

This case is one of eleven cases filed in June 2004, asserting a violation of right of access to the courts.[1] Plaintiff in this action brought a case under 42 U.S.C. §1985, alleging a violation of his Eighth and Fourteen Amendment rights. Defendants answered the amended complaint,[2] asserting a variety of defenses, notably including a qualified immunity defense under 42 U.S.C. §1983; Eleventh Amendment immunity under 42 U.S.C. §1983; a denial that the matters asserted by Plaintiff fall within the purview of 42 U.S.C. §1983; and that *respondeat superior* is not a viable doctrine under U.S.C. §1983. *See* Answer to Am. Compl. filed Aug. 3, 2004. On August 12, 2004, Plaintiff replied to Defendants' answer, asserting this matter is a proper case under §1983 and that he is "seeking relief from the court under a §1983 Complaint . . . ." Pl's Rep. to Def's Answer at 2, filed Aug. 12, 2004. On September 13, 2004, Defendants filed a motion seeking dismissal of this

---

[1]The plaintiffs in these cases originally filed one action in which all plaintiffs joined. *See* Kennedy, et al. v. Gintoli, et al., C/A 8:04-1776. This court thereafter ordered that this single action be split into eleven separate actions. *See* Kennedy v. Gintoli, et al., C/A 8:04-1776; Belding v. Gintoli, et al., C/A 8:04-1955; Bennington v. Gintoli, et al., C/A 8:04-1956; Allen v. Gintolo, et al., C/A 8:04-1957; Barfield v. Gintoli, et al., C/A 8:04-1958; Wilson v. Gintoli, et al., C/A 8:04-1959; McHugh v. Gintoli, et al., C/A 8:04-1960; Hughes v. Gintoli, et al., C/A 8:04-1961; Wortham v. Gintoli, et al., 8:04-1964; and Brewer v. Gintoli, et al., C/A 8:04-1965.

[2]Plaintiff filed an amended complaint after this court ordered each plaintiff file a separate action. The amended complaint, filed July 7, 2004, basically reasserts the same grievances as the original complaint.

action pursuant to Fed. R. Civ. P. 12(b)(6).  An order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Plaintiff responded to the motion on October 18, 2004.

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusion of the Magistrate Judge that Plaintiff's complaint fails to state a viable claim under 42 U.S.C. § 1985.[3]  However, it appears that Plaintiff has asserted a cause of action under 42 U.S.C. §1983 which may be cognizable in this court.

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).  However, the requirement of liberal construction does not mean that a court may ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dept. of Soc. Svcs.*, 901 F.2d 387 (4th Cir. 1990).

While it is true Plaintiff did not assert a cause of action under 42 U.S.C. §1983 in the original or amended complaint, he has essentially amended his complaint in his Reply to the Defendants'

---

[3]*See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (finding that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a cause of action under 42 U.S.C. §1985).  The Supreme Court has not extended the reach of §1985 to classifications based upon a characteristic other than race. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269-70 (1993) (declining to extend the class of individuals covered under §1985 to women seeking an abortion).  The Fourth Circuit Court of Appeals had determined that §1985 extends to religious discrimination as well. *See Ward v. Conner*, 657 F.2d 45, 49 (4th Cir. 1981) (finding Plaintiff had asserted a viable complaint under §1985 for religious discrimination), *cert. denied sub nom. Mandelkorn v. Ward*, 455 U.S. 907 (1982).

Answer which was served on the Defendants.  *See* Letter of Service attached to Reply filed Aug. 12, 2004.  If this court were to consider Plaintiff's claim under §1983, Defendants would not be prejudiced, as evidenced by the inclusion of §1983 defenses in their Answer to the Amended Complaint.

Defendants assert in their motion to dismiss that Plaintiff, as a mental patient, has no constitutional right of access to a law library.  However, several lower courts have found that the right of access expressed by the Supreme Court in *Bounds v. Smith*, 430 U.S. 817 (1978), as modified by *Lewis v. Casey*, 518 U.S. 343 (1996), *does* extend to those involuntarily committed to mental institutions.  *See Johnson by Johnson v. Brelje*, 701 F.2d 1201 (7th Cir. 1980), *superceded by statute as to other grounds as stated in Maust v. Headley*, 959 F.2d 644 (7th Cir. 1992); *Ward v. Kort*, 762 F.2d 856 (10th Cir. 1985); *Murray v. Didario*, 762 F. Supp. 109 (E.D. Pa. 1991); *Hatch v. Yamauchi*, 809 F. Supp. 59 (E.D. Ark. 1992); *Henderson v. McDonald*, 857 F. Supp. 49 (N.D. Ill. 1994).

Additionally, there is some question whether Defendants' delineation of Plaintiff's rights as that of a "mental patient" is an accurate characterization of the right to be afforded Plaintiff due to his involuntary commitment under the Sexually Violent Predator Act.  The South Carolina legislature has seen fit to pass an entire statute dealing with SVP's, providing for a jury trial, *see* S.C. Code. Ann. §44-48-90, a heightened standard of proof during commitment hearings, *see* S.C. Code Ann. §44-48-100(A) ("[t]he court or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator"), as well as various other procedural safeguards analogous to

4

those available for criminal defendants.[4]

Due to these and other concerns, the court declines to dismiss this matter in its entirety now. Plaintiff has asserted an alleged injury–the dismissal of a state court action due to a lack of access to a law library–which may be sufficient injury under *Lewis v. Casey*, *supra*, to provide standing for Plaintiff under §1983.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss Plaintiff's §1985 cause of action is **granted** and Plaintiff's claims under §1985 are dismissed with prejudice. The court finds, however, that Plaintiff has also asserted a cause of action under §1983. This matter is therefore recommitted to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 31, 2005

C:\Documents and Settings\guest\Local Settings\Temp\notesFFF692\04-1962 Larch v. Gintoli e deny 12(b)(6) recommit to magistrate for consideration of 1983 claims.wpd

---

[4]It is of note that a necessary predicate of commitment of an individual under South Carolina's SVP statute is that the individual have been previously convicted of a sexually violent offense, defined in S.C. Code Ann. §44-48-30(2). Because due process concerns are present and addressed throughout this specialized commitment statute, Plaintiff's allegations are of some concern to this court.