IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Ernest A. Larch, ) | |
| ) | Civil Action No. 8:04-1962-CMC-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| George Gintoli, Russel Hughes, ) | |
| Brenda Young-Rice (in their personal ) | |
| capacity), and The South Carolina ) | |
| Department of Mental Health (for ) | |
| injunctive relief), ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the court on the defendants' motion to dismiss the complaint.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**PROCEDURAL HISTORY**

The record reveals that the plaintiff is currently in the custody of the South Carolina Department of Mental Health (SCDMH) under the provisions of the South Carolina Sexually Violent Predator Act (SVPA), S.C. Code Ann. §44-48-10 through §44-48-170. Under this statute, the SCDMH and the South Carolina Department of Corrections (SCDC) have entered into an inter-agency agreement whereby the SVP residents are housed in a

segregated location within the Broad River Correctional Institution, *See In re Luckabaugh*, 351 S.C. 122, 136, 568 S.E.2d 338, 345 (2002); S.C. Code Ann. §44-48-100 (Supp. 2004).

This action was originally filed on June 14, 2004, as a single action involving eleven plaintiffs. By order of United States District Judge Cameron Currie, filed June 18, 2004, the actions were separated and each plaintiff was assigned a separate civil action number. The court further directed that counsel for the defendants would have the option to file one answer and one brief for the eleven separate cases. On June 28, 2004, the undersigned entered an order designating the case of *Kennedy v. Gintoli,* C.A. 8:04-1776-22BI, as the lead case in the cases which collectively are called the "Kennedy Legal Materials Cases."

On July 7, 2004, the plaintiff filed an amended complaint seeking both actual damages and injunctive relief. On August 3, 2004, the defendants filed an answer to the complaint. On September 13, 2004, the defendants filed a motion to dismiss the complaint. By order filed September 15, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his opposition to the motion on October 18, 2004.

On March 24, 2005, this court issued a report recommending that the defendants' motion to dismiss be granted as the plaintiff had failed to state a cause of action. The plaintiff filed objections to the report and recommendation. On May 31, 2005, Judge Currie issued an order in which she concurred with this court's conclusion that the plaintiff's complaint failed to state a claim under 42 U.S.C. §1985. However, Judge Currie construed the plaintiff's reply to the defendants' answer as an attempt to amend their complaint and assert a cause of action under 42 U.S.C. §1983, and she further found that "it appears that Plaintiff has asserted a cause of action under 42 U.S.C. §1983 which may be cognizable in

this court." Accordingly, Judge Currie recommitted this matter to this court for further proceedings.

On June 27, 2005, the defendants filed another motion to dismiss for failure to state a cause of action. On July 7, 2005, the plaintiff filed a response in opposition.[1]

## APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle him to relief. *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. V. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## FACTUAL BACKGROUND AND ANALYSIS

The plaintiff, along with several other involuntarily committed sexually violent predators, had previously filed a *pro se* action in state court alleging that employees of the South Carolina Department of Mental Health had violated their constitutional rights by subjecting them to cruel and unusual punishment. *See Smith v. Montgomery*, C.A. No. 01-CP-40-2975. The defendants moved for summary judgment, which was granted by order of the Honorable Alison Lee on April 1, 2004 (see attachment to defendants' original memorandum in support of motion to dismiss). In the present case, the plaintiff complains

---

[1] It appears from the file that no *Roseboro* order was ever issued to the plaintiff with regard to the defendants' second motion to dismiss. However, the plaintiff has clearly received *Roseboro* orders in the past, thus indicating that he had been informed of the consequences of failing to adequately respond to the motion. Moreover, the plaintiff's pleading was clearly responsive to the defendants' motion to dismiss.

3

that he and the other state court plaintiffs were unable to defend against the motion for summary judgment in state court because they were denied access to a law library.

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that states have an affirmative constitutional obligation "to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. at 828. In their original motion to dismiss, the defendants argued that the plaintiff, as a mental patient, has no constitutional right of access to a law library. However, as Judge Currie pointed out in her order, there are several courts which have held that the right of access first found in *Bounds* does extend to those involuntarily committed to mental institutions. *See Johnson by Johnson v. Brelje*, 701 F.2d 1201 (7th Cir. 1980), *superseded by statute as to other grounds as stated in Maust v. Headley*, 959 F.2d 644 (7th Cir. 1992); *Ward v. Kort*, 762 F.2d 856 (10th Cir. 1985); *Murray v. Didario*, 762 F.Supp. 109 (E.D. Pa. 1991); *Hatch v. Yamauchi*, 809 F.Supp. 59 (E.D. Ark. 1992); *Henderson v. McDonald*, 857 F.Supp. 49 (N.D. Ill. 1994).

The plaintiff here has been adjudicated to be a sexually violent predator under the SVPA. The clear nature of the SVPA is that persons eligible for commitment and treatment under the Act are to be viewed not as criminals but as sick persons. As such, "due process requires that the conditions and duration of confinement ... bear some reasonable relation to the purposes for which persons are committed." *Seling v. Young*, 531 U.S. 250, 265 (2001).

The defendants appear to concede that the plaintiff, as an adjudicated sexually violent predator, has a right of access to the courts under *Bounds.* However, the defendants argue that the plaintiff has not demonstrated an actual injury as a result of the alleged denial of access. *See Lewis v. Casey*, 518 U.S. 343 (1996). On a motion to dismiss, however, this court must examine whether or not the plaintiff can prove any set of facts which would entitle him to relief. The defendant has clearly asserted an alleged injury, *i.e.*, the dismissal of the

state court action due to the lack of access to the courts.[2]  Moreover, it appears undisputed from the record that, in fact, no law library is provided to the plaintiff and other civilly adjudicated sexually violent predators in the custody of the Department of Mental Health and the Department of Corrections.   While the question of whether or not the plaintiff suffered an injury in fact might be disputed, the complaint, on its face, states a cause of action for denial of access to the courts.

*Qualified Immunity*

In addition to seeking injunctive relief from the South Carolina Department of Mental Health, the plaintiff seeks actual damages from the individual defendants for civil rights violations.  The defendants argue that this action should be dismissed on the grounds of qualified immunity.

Qualified immunity shields from civil damages liability government officials performing discretionary functions so long as the officials' conduct does not "violate clearly established [statutory or constitutional] rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  This principle reflects the concern that civil damages awards against public officials for every judicially determined violation of constitutional rights would prove too expensive to the public, discourage public service employment, and impair governmental decision-making.  *See id.* at 814.  This qualified immunity is lost if an official violates a constitutional or statutory right of the plaintiff that was clearly established at the time of the alleged violation so that an objectively reasonable official in the defendants' position would have known of it.  *Id.*  Thus, in ruling on a defense of qualified immunity, a court must (1) identify the specific right allegedly violated; (2)

---

[2] As the court stated in *Casey*, "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." 518 U.S. at 351.  Rather, an inmate must show that the alleged injuries in the library or legal assistance program hindered his efforts to pursue a legal claim.  There is no language in *Bounds* or *Casey*, however, which limits the meaningful access requirement to the initial filing of a complaint or petition.

5

determine whether at the time of the alleged violation the right was clearly established; and (3) if so, determine whether a reasonable person in the official's position would have known that his action would violate the right. *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992). In addressing qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 286, 290 (1999); *see also Suarez v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000).

As discussed above, the constitutional right which the plaintiff is asserting, *i.e.* the right of civilly adjudicated sexually violent predators of access to the courts, was not clearly established at the time of the plaintiff's complaint. First of all, there has been no case directly on point in the Fourth Circuit, nor has the United States Supreme Court addressed this general issue. The cases cited above, in support of this constitutional right, all were decided in different circuits and, indeed, most were in district courts. Moreover, none of these cases specifically dealt with the rights of individuals who had been found to be sexually violent predators, as opposed to general patients in mental health facilities. The law has clearly not been settled in this area, and it is this court's opinion that the individual defendants here, at the time of the plaintiff's complaint, should not have been charged with knowledge of a right which clearly constitutes a "gray" area of the law. It appears, at the very least, that reasonably competent state officials, confronted with the issue as to whether or not sexually violent predators who are involuntarily confined through a civil proceeding have a right of access to the courts through a law library or other legal assistance, could have disagreed on the question.

For these reasons, it is recommended that the individual defendants are entitled to qualified immunity with respect to the damages claim against them. Accordingly, as to the individual defendants, it is recommended that the motion to dismiss be granted.

The plaintiff also seeks injunctive relief against the Department of Mental Health. Specifically, he seeks access to a law library, more regular delivery and pick-up of legal mail, the availability of a notary public and other materials "to meet the needs of the plaintiff in addressing the courts." Clearly, qualified immunity does not apply to claims for injunctive relief. Accordingly, as to the defendant South Carolina Department of Mental Health, the motion to dismiss should be denied.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, it is recommended that, as to the defendants Gintoli, Hughes and Young-Rice, the motion to dismiss be granted. It is further recommended that as to the defendant South Carolina Department of Mental Health, the motion to dismiss be denied.

s/ Bruce H. Hendricks
United States Magistrate Judge

October 17, 2005

Greenville, South Carolina